Hyatt, J.
This action was brought to recover a wife’s personal property, consisting chiefly of her wearing apparel, detained by the defendant, under claim of a lien for board furnished to one E. N. Birney, the husband of plaintiff, and plaintiff as his wife.
The primary question is, as the appellant states it, *348 “whether the defendant’s Hen did not attach to the wife’s paraphernalia ?”
The law is so weH settled upon this point that it precludes any doubt upon this question in its application to the case at bar.
The answer pleads a joint liability on the part of the plaintiff and her husband, and not a separate debt owing by her.
It is neither aHeged nor claimed that the plaintiff promised to pay the biU. The law imposes the obHgation of supporting the wife on the husband, and presumes the husband alone liable for such hoard, where there is no allegation or claim that the wife promised to pay the biU or charge her separate estate with it.
The common law gave to inn-keepers a Hen on the goods of their guests. This Hen was subsequently, by statute, extended to boarding-house keepers “to the same extent and in the same manner as inn-keepers.” Laws 1860, chap. 446.
Under this statute, in McIlvaine v. Hilton (7 Hun, 594), where the facts were substantiaUy as here, it was held that a boarding-house keeper had no Hen on thé separate personal effects and wearing apparel of the wife Hving at the boarding-house with her husband, and that her wearing apparel (styled paraphernaHa by the appeHant) formed part of her separate property, and that a boarding-house keeper’s Hen did not attach thereto, where the guest was received under a contract to furnish board for himself and wife who accompanies him.
The husband, therefore, is Hable for the board, and as nothing is due from the wife, it foHows that her goods can not be detained.
The court amended the record by considering a .reply as filed. If this was necessary, it was under the circumstances sufficiently supplied at the trial. The defendant did not allege surprise, and the result shows that a verified reply would have been of no benefit to him,
It was within the power of the court to aHow the'amendment and excuse the default. Code of Civil Procedure, §§ 539, 540 and 783.
This power is not purely statutory. It is inherent in the very constitution and existence of the court. Vanderbilt v. Schreyer, 81 N. Y., 648.
The judgment and order appealed from should be affirmed, with costs.
McAdam, Ch. J., concurs.